IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 24-13689 |
| Bamby Express, Inc. | ) | Judge: | Timothy A. Barnes |
| | ) | | |
| Debtor. | ) | | |

### NOTICE OF DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING

To:  See Attached List

PLEASE TAKE NOTICE THAT ON **September 25, 2024 at 9:00 a.m.**, I will appear before the **Honorable Judge Timothy A. Barnes**, or any Judge sitting in that judge's place, either in courtroom 744 of the **Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604**, or electronically as described below, and present the attached *Debtor's Motion for Interim and Final Orders (A) Authorizing Debtor to use Cash Collateral and other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, and (B) to schedule a Final Hearing,* a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video,** use this link: https//www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at **1-669-254-5252** or **1-646-828-7666**. Then enter the meeting ID and password.

**Meeting ID and password.** The **meeting ID** for this hearing is **161-329-5276** and the password is **433658**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By:  _/s/  Richard G. Larsen_
Attorney for Debtor(s)

Document    Page 2 of 10

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com

## CERTIFICATE OF SERVICE

I, Richard G. Larsen,

[X] an attorney, certify

– or –

[ ] a non-attorney, declare under penalty of perjury under the laws of the United States of America.

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on September 18, 2024, at 5:30 p.m.


/s/Richard G. Larsen/s/

## SERVICE LIST

*Via Electronic Service*

United States Trustee
Patrick S. Layng
219 South Dearborn St.
Suite 873
Email: USTPRegion11.ES.ECF@usdoj.gov

Sameena Nabijee
Illinois District Counsel
U.S. Small Business Administration
Sameena.nabijee@sba.gov


*Via U.S. Mail*

Bamby Express, Inc.
1217 S Old Wilke Rd., Apt 409
Arlington Heights, IL 60005

American Express
PO Box 6031
Carol Stream, IL 60197-6031

Bank of America Visa
PO Box 851001
Dallas, TX 75285-1001

Dusan Cirkovic
1217 S Old Wilke Rd, Apt 409
Arlington Heights, IL 60005

Marriott Bonvoy
P.O. Box 15123
Wilmington, DE 19850

U.S. Small Business Administration
2 North Street, Suite 320
Birmingham, AL 35203

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 24-13689 |
| Bamby Express, Inc., | ) | Judge: | Timothy A. Barnes |
| | ) | | |
| Debtor. | ) | | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING**

NOW COMES the Debtor-In-Possession, Bamby Express, Inc., ("Debtor"), by its undersigned counsel, and submits this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

### Jurisdiction and Background

1. On September 17, 2024 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. The debtor has elected to proceed under subchapter V of Chapter 11.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

5. Debtor is a owner/operator of one semi-truck and trailer hauling cargo for various customers throughout the United States. Debtor experienced a down turn in revenue and increase in expenses following Covid, which were common throughout the trucking industry. The Debtor has faced increasing pressure from its creditors and is unable to maintain its payments to secured creditors and other lenders and requires this Chapter 11 to restructure its debt and to return to profitability

**Prepetition Capital Structure**

6. Prior to the Petition Date, Debtor borrowed certain sums of money from the United States Small Business Administration (the "Secured Lender" or "SBA"), pursuant to certain promissory notes, business loan agreements, security agreements, collateral assignments, and other agreements, instruments, certificates and documents (collectively the "Secured Lender Loan Documents"). As of the Petition Date, there was and remains due and owing from the Debtor to the Secured Lender under the Secured Lender Loan Documents, the total amount, including principal and interest of $351,900.00.

7. Debtor has given notice of this motion to the United States Small Business Administration. In order to provide adequate protection and preserve the status quo, debtor proposes to grant the SBA replacement liens in same priority that existed as of case filing, without prejudice to any final determination as to lien priority or a lien avoidance under 547 (a) and 506 of the Bankruptcy Code.

## Relief Requested

8. By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use Secured Lender's cash collateral pursuant to Sections 361, 362 and 363 of the Code and any other collateral in which Secured Lender has an interest in (the "Prepetition Collateral"), and provide adequate protection of Secured Lender's interests in the Prepetition Collateral resulting from its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion. The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

9. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing post-petition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will incur immediate and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection for Secured Lender and junior lien holders, including the use of Cash Collateral to pay post-petition operating expenses and post-petition liens, will preserve the value of the Debtor's estate for the benefit of Secured Lender.

10. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash

Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

11. Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order. In Sections (2) and (I) of the Interim Cash Collateral Order, Debtor acknowledges the validity and amount of Secured Lender's lien. However, Debtor believes that these sections are appropriate because it may be necessary to obtain the Secured Lender's consent to the use of cash collateral.

12. Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has complied with this requirement by attaching the Interim Cash Collateral Order, which contains all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

13. Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as **Exhibit A** is a copy of the budget (the "Budget"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

### The Court Should Allow the Debtor to Provide Adequate Protection

14. Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Secured Lender or authority granted by the court. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

15. As adequate protection for Secured Lender's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash Collateral Order. The Debtor further proposes to: (1) for any diminution in value of Secured Lender's interests in the Cash Collateral from and after the Petition date, grant Secured Lender a replacement lien on all of the Debtor's assets; (2) for any diminution in value of Secured Lender's interests in the Cash Collateral from and after the Petition date, grant Secured Lender an administrative expense claim pursuant to Section 507(b) of the Code, subordinate only to any claim for professional fees of the Subchapter V trustee.

16. The Debtor requests that the Court find that the foregoing adequate protection to be granted to Secured Lender is reasonable and sufficient to protect its interests, without prejudice to the rights of Secured Lender to request additional adequate protection in the future.

### Notice With Respect to Final Cash Collateral Order

17. Debtor has sent 7 days' notice to the United States Trustee, the United States Small Business Administration, the twenty largest unsecured creditors, Debtor will serve the Subchapter V trustee as soon as appointed. Debtor requests that given the circumstances and necessity that notice be deemed sufficient under the circumstances.

18. The Debtor further requests that the Court schedule a Final Hearing on the use of Cash Collateral and authorize it to serve a copy of the signed Interim cash Collateral Order,

which fixes the time and date for the Final Hearing and the date for filing objections, by first class mail upon: (a) the United States Trustee; (b) the Subchapter V Trustee; (c) Secured Lender; (d) twenty largest unsecured creditors.

    WHEREFORE, the Debtor prays for entry of the Proposed Interim Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

Respectfully Submitted,
Bamby Express, Inc.

By: /s/ Richard G. Larsen
    One of its attorneys

Richard G. Larsen
Springer Larsen, LLC
300 South County Farm Rd., Suite G
Wheaton, Illinois 60187
(630) 510-0000
rlarsen@springerbrown.com