UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    24-13689 |
| | ) | |
| Bamby Express, Inc., | ) | Chapter:  11 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtor(s) | ) | |

### SECOND INTERIM ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of Bamby Express, Inc., Debtor and Debtor-in-Possession (hereinafter "Debtor"), requesting the entry of an interim order authorizing the Debtor's use of the cash collateral of Barrington Bank and Trust Company and other additional lien holders through the close of business on October 31, 2024, in accordance with the terms of this order (the "Interim Order") and the Budget (as hereinafter defined); due and proper notice having been give pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and R4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR STIPULATES OR ALLEGES AS FOLLOWS:

1.  This case was commenced on September 17, 2024 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.  The United States Small Business Administration ("Lender") has a valid blanket lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof. Lender holds a security interest in all the assets of the Debtor by way of a valid lien duly filed of which the amount due and owing totals no less than $351,900.00 on loan number 4730637910 and $75,200.00 on loan number 8479618200.

3. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503(b) and/or §364(a).

4.  The Lender is unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. §364(c)(l),(c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

5. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

6. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

7. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing: IT IS HEREBY ORDERED AS FOLLOWS:

A. The Motion is granted on the terms and conditions set forth in this Interim Order. This Interim Order will become effective and binding upon all parties in interest immediately upon its entry. Debtor is hereby authorized to use the Cash Collateral through October 31, 2024 solely in accordance with the Budget (as hereinafter defined) and the other terms and conditions set forth in this Interim Order, unless otherwise authorized in writing by the collective lien holders.

B. Attached hereto as Exhibit A is a monthly budget ("Budget") for the period commencing on October 11, 2024 and ending at the close of business on October 31, 2024 (the "Budget Period"). The Budget reflects on a line-item basis Debtor's anticipated cumulative expenses which Debtor expects to incur during each week of the Budget Period.

C. Debtor may not make any payments or other distributions other than the itemized projected disbursements set forth in the Budget without the prior written consent of the Lender. The Budget may not be modified without the prior written consent of the Lender or further order of this Court.

D. In return for the Debtor's continued interim use of cash collateral, and for any diminution in value of lien holders interest in the Cash Collateral from and after the Petition date, the Lender and all additional lien holders shall receive an administrative expense claim pursuant to Section 507(b) of the Code, subordinate to any administrative fees of the Subchapter V trustee.

E.  In further return for the Debtor's continued interim use of cash collateral, Lender and all additional lien holders are granted a replacement lien in substantially all of the Debtor's assets, including cash collateral equivalents and the Debtor's cash and accounts receivable, among other collateral (the "Collateral") to the extent and validity as held prepetition.

F. The Debtor must permit the Lender and additional lien holders to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records.

G.  The Debtor must maintain and pay premiums for insurance to cover the Collateral from fire, theft and water damage, and the Lender and additional lien holders consent to the payment of such premiums from its cash collateral;

H. The Debtor must, upon reasonable request, make available to the Lender and additional lien holders evidence of that which constitutes its collateral or proceeds.

I. The Debtor must properly maintain the Collateral in good repair and properly manage the Collateral.

J. Lender is granted replacement liens, attaching to the Collateral, but only to the extent of its prepetition lien and only to the extent of priority that existed on the date of filing. This order is without prejudice to any future avoidance of the any of the liens.

K. The liens granted herein above shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Lender and need not be separately documented.

Rev: 20170105_bko

L. Any further use of cash collateral is reserved for further hearing. A budget for the approved amounts is attached hereto.

M. This Order shall remain in effect until October 31, 2024 at which time a further hearing on the use of cash collateral will take place at October 30, 2024 at 10:00 am.

N. This Court finds and orders that this is a core proceeding under 28 U.S.C. §  157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

Enter:

Honorable Timothy A. Barnes

United States Bankruptcy Judge

Dated: **October 9, 2024**

**Prepared by:**

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

In re: <u>Bamby Express, Inc.</u>                    Case No. <u>24-13689</u>
       Debtor(s)                         Chapter  <u>11</u>

**<u>BUSINESS INCOME AND EXPENSES</u>**
**<u>From October 11, 2024, through October 31, 2024</u>**

<u>FINANCIAL RVIEW OF THE DEBTOR'S BUSINESS</u> (NOTE: ONLY INCLUDE information directly related to the business operation)
PART A – GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

   1.  Gross Income For 12 months  Prior to Filing         $   n/a

PART B-ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

   2.  Gross Monthly Income                      $ 18,200

PART C – ESTIMATED FUTURE MONTHLY EXPENSES

| | | |
|---|---|---|
| 3. | Net Employee Payroll (Other Than Debtor) | $ 4,800.00 |
| 4. | Payroll Taxes | $_____ |
| 5. | Unemployment | $_____ |
| 6. | Worker's Compensation | $_____ |
| 7. | Other Taxes | $_____ |
| 8. | Inventory Purchases (Including raw materials) | $_____ |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | $_____ |
| 10. | Rent (Other than debtor's principal residence) | $_____ |
| 11. | Utilities | $_____ |
| 12. | Office Expenses and Supplies | $_____ |
| 13. | Repairs and Maintenance | $ 2,000.00 |
| 14. | Vehicle Expenses (parking) | $  450.00 |
| 15. | Travel and Entertainment | $_____ |
| 16. | Equipment Rental and Leases | $_____ |
| 17. | Legal/Accounting/Other Professional Fees | $_____ |
| 18. | Insurance | $ 1,069.00 |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | $_____ |

  20.  Payments to be made directly by debtor to secured creditors for pre-petition debts (Specify):

      DESCRIPTION                     TOTAL

  21.  Other (Specify): Fuel-Diesel             $7,500.00
                 Toll                 $380.00
  22.
      DESCRIPTION                     TOTAL

  23.  Total Monthly Expenses (Add items 3-21)        $ 16,199.00

PART D -ESTIMATED AVERAGE NET MONTHLY INCOME

  24.  Average Net Monthly Income (Subtract item 22 from item 2)    $2,001.00
                        **EXHIBIT A**