IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | Chapter: | 11 |
|---|---|---|---|
| | ) | | |
| | ) | Case No. | 24-13689 |
| Bamby Express, Inc. | ) | Judge: | Timothy A. Barnes |
| | ) | | |
| Debtor. | ) | | |

## NOTICE OF DEBTOR'S MOTION FOR AUTHORITY TO MAINTAIN EXISTING BANK ACCOUNTS

To:  See Attached List

PLEASE TAKE NOTICE THAT ON **October 30, 2024 at 10:00 a.m.**, I will appear before the **Honorable Judge Timothy A. Barnes,** or any Judge sitting in that judge's place, **either in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL,** or **electronically** as described below, and present the attached *Motion for Authority to Maintain Bank Accounts*, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video,** use this link: https//www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at **1-669-254-5252** or **1-646-828-7666**. Then enter the meeting ID and password.

**Meeting ID and password.** The **meeting ID** for this hearing is **161 329 5276** and the password is **433658**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By:   /s/  *Richard G. Larsen*
Attorney for Debtor(s)

Richard G. Larsen
Springer Larsen, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

## CERTIFICATE OF SERVICE

I, Richard G. Larsen,

[X] an attorney, certify

– or –

[ ] a non-attorney, declare under penalty of perjury under the laws of the United States of America.

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on **October 16, 2024**, at 5:30 p.m.

/s/Richard G. Larsen/s/

## SERVICE LIST

### *Via Electronic Service*

Acting United States Trustee
Adam Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604

Ira Bodenstein
Cozen O'Connor
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
iratrustee@cozen.com

Karen V. Newbury
Office of the U.S. Trustee
219 S. Dearborn, Suite 873
Chicago, IL 60604
Karen.v.newbury@usdoj.gov

Sameena Nabijee
Illinois District Counsel
U.S. Small Business Administration
Sameena.nabijee@sba.gov

### *Via U.S. Mail*

Bamby Express, Inc.
1217 S Old Wilke Rd., Apt 409
Arlington Heights, IL 60005

American Express
PO Box 6031
Carol Stream, IL 60197-6031

Bank of America Visa
PO Box 851001
Dallas, TX 75285-1001

Dusan Cirkovic
1217 S Old Wilke Rd, Apt 409
Arlington Heights, IL 60005

Marriott Bonvoy
P.O. Box 15123
Wilmington, DE 19850

U.S. Small Business
Administration
2 North Street, Suite 320
Birmingham, AL 35203

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | Chapter: | 11 |
|---|---|---|---|
| | ) | | |
| | ) | Case No. | 24-13689 |
| Bamby Express, Inc. | ) | Judge: | Timothy A. Barnes |
| | ) | | |
| Debtor. | ) | | |

### DEBTOR'S MOTION FOR AUTHORITY TO MAINTAIN EXISTING BANK ACCOUNTS

NOW COMES the Debtor-In-Possession, Bamby Express, Inc., ("Debtor"), and requests that this court enter an order authorizing it to maintain its existing bank accounts (the "Motion"). In support of this Motion, the Debtor submits as follows:

### Jurisdiction and Venue

1. On September 17, 2024 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code"). The Debtor has elected to be treated as a small business Debtor under Subchapter V.

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. Ira Bodenstein is the acting Subchapter V trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. Debtor is a owner/operator of one semi-truck and trailer hauling cargo for various customers throughout the United States. Debtor experienced a down turn in revenue and increase in expenses following Covid, which were common throughout the trucking industry. The Debtor

has faced increasing pressure from its creditors and is unable to maintain its payments to secured creditors and other lenders and requires this Chapter 11 to restructure its debt and to return to profitability

## Relief Requested

5. The Office of the U.S. Trustee has established certain operating guidelines for debtors in possession in order to supervise the administration of chapter11 cases. These guidelines require Chapter 11 debtors to, among other things: (a) close all existing accounts and open new debtor in possession bank accounts; (b) establish one debtor in possession account for all estate monies required for the payment of taxes, including payroll taxes; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks for all debtor in possession accounts which bear the designation "Debtor in Possession," the bankruptcy case number, and the type of accounts. For the reasons set forth below, the Debtor requests permission to maintain its bank accounts notwithstanding the United States Trustee's guidelines.

6. Prior to the Petition Date, the Debtor maintained one Bank account which was used in the ordinary course of business. The account is a business checking account at or "account" JP Morgan Chase Bank ("Chase").

7. The Debtor requests permission to maintain the Account in lieu of the United States Trustee's requirement that existing bank accounts be closed and new post-petition accounts be opened. The Chase account processes all off the Debtor's daily transactions with its clients and vendors. Closing that account will severely disrupt the Debtor's cash flow. If enforced, closing the Account would cause disruption in the Debtor's business and would impair the Debtor's efforts to preserve the value of its estate. The account at Chase is FDIC insured up to $ 250,000.00. The debtor represents that the balance in the account at any given time will not

exceed $ 250,000.00 and Debtor will complete all of its operating reports using the Bank Chase statement.

8. The Debtor represents that if the relief requested in this Motion is granted, it will not pay, and the bank at which the Account is maintained will be directed not to pay, any debts incurred before the Petition Date, except to the extent that the Court may authorize the payment of such debts.

WHEREFORE, the Debtor prays for entry of an Order allowing the Debtor to maintain its existing bank account at JP Morgan Chase Bank, and granting such other and further relief as the court deems equitable and just.

>Respectfully Submitted,
>Bamby Express, Inc.,
>
>By: /s/ Richard G. Larsen
>      One of its attorneys

Richard G. Larsen
Springer Larsen, LLC
300 South County Farm Rd., Suite G
Wheaton, Illinois 60187
(630) 510-0000
rlarsen@springerbrown.com