IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 24-13689 |
| Bamby Express, Inc. | ) | Judge: | Timothy A. Barnes |
| | ) | | |
| Debtor. | ) | | |

## DEBTOR'S AMENDED SUBCHAPTER V PLAN OF REORGANIZATION
## DATED: DECEMBER 13, 2024

### BACKGROUND OF CASE

**A.      Description and History of the Debtor's Business**

**i)      Past Operations**

Debtor operates a trucking business. The Debtor has operated its business since 2010 when it began in the home of its current president, Dusan Cirkovic. The Debtor has developed strong relationships with its freight broker which provides regular work to sustain the company. Prior to Covid, the Debtor has been a profitable business.

The Debtors financial difficulties began with the onset of the Covid-19 pandemic in 2020. The pandemic shut down work for a lengthy period of time. The Debtor's principal and sole employee, Dusan Cirkovic suffered 3 severe bouts with Covid, shutting the business down for extensive periods of time. In order to sustain, the Debtor obtained two loans with the SBA under the EIDL program. The Debtor utilized the funds to pay off its secured debt on the tractor and trailer which is still owned by the Debtor and sustain business operations during the shutdowns. The Debtor also borrowed additional from credit cards as a stop-gap measure while not operating.

**ii)     Present and Future Business Plan**

At this point in time, the Debtor is operating at its peak and has sufficient work to maintain the payments as proposed in this plan.

In order to move the business forward and ensure the ability to maintain the proposed plan payments, debtor management is making strategic business decisions to enhance its future profitability. However, it requires this Chapter 11 plan to scale back the amount of secured debt in line with the scheduled value of its assets, and the income stream it can realistically produce. The Debtor has an outstanding reputation of service with its customers, but needs to resolve its debt to remain viable.

1

This Subchapter V Plan will pay creditors from the continued operations of the Debtor. A liquidation of the Debtor will result in 7% payment to unsecured creditors, and as such creditors will be better served by supporting the foregoing plan, which proposes an unsecured dividend of approximately 20% over 3 years.

B.    **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit A**. After paying the costs of liquidation, including Trustee compensation and fees, there will be approximately $30,300.00 available in unsecured creditors if liquidated under Chapter 7.

C.    **Ability to make future plan payments and operate without further reorganization**

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business. The Debtor has provided projected monthly and yearly financial projections as Group **Exhibit B**. The Debtor's financial projections show that the Debtor will have projected net income over 3 years for plan payments of approximately $25,000.00 in year 1, $28,000.00 in year 2, and $30,000.00 in year 3. Plan payments to the unsecured class will be made on a quarterly basis beginning in March 2025 and in each quarter thereafter for 3 years. The final plan payment is expected to be paid at the end of final quarter of 2028.

D.    **Summary and Analysis of Secured Claims**

As indicated in the claims register and schedules, The Debtor has one secured creditor the Small Business Administration ("SBA"). The SBA is owed the sum of $452,704.89 and has filed a secured claim in the amount of $7,201.81 and the balance unsecured. In order to provide a better understanding of the plan, Debtor will provide the following analysis of this claim.

The value of the Debtor's tractor and trailer is approximately $55,000.00. However, since their items are titled vehicles, they are not subject to the SBA security interest. The remaining asset subject to the SBA lien is the bank account in the sum of $7,201.81 at filing and per the SBA filed claim. In order to satisfy the secured portion of the SBA claim Debtor proposes to pay the SBA $7,201.81 at the contract rate of 3.75% percent over 3 years via monthly payments of $212.00. The Balance of the SBA claim shall be treated as an unsecured claim.

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from cash flow generated by its business operations. This Plan provides for 1 class of administrative and priority claims; 2 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders. Unsecured

creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 20 cents on the dollar. This Plan also provides for the full payment of administrative claims and priority tax claims in class 1, although there does not appear to be tax claims due.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01  Class 1.    All allowed claims entitled to priority under § 507 of the Code unless otherwise classified herein (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8).

2.02  Class 2.    The secured claim of Small Business Administration (SBA) which holds a blanket lien on all of the Debtor's assets.

2.03  Class 3.    Unsecured claims, including the unsecured portion of the SBA claim.

2.04  Class 4.    Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01  Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code (as defined in Article VII), will be paid in full in monthly payments over a period no more than 12 months.

3.02  Priority Tax Claims.  Each holder of a priority tax claim will be paid in terms consistent with § 1129(a)(9)(C) of the Code.

3

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Administrative Claims and Priority Tax | Unimpaired | Administrative claims of professionals and Trustees payable in full at confirmation after Court approval, or by agreement of those professionals. |
| Class 2 – Small Business Administration | Impaired | The secured claim of SBA in the sum of $7,201.80 will be paid in monthly payments of $212.00 over 3 years at the contract interest rate of 3.75% until fully satisfied. The Unsecured claim of the SBA shall be paid in Class 3. |
| Class 3 – General unsecured creditors, including unsecured claims of SBA | Impaired | Unsecured creditors shall receive approximately 20% claims, pro rata over 36 months. Unsecured dividends shall be paid a total of $83,000.00 in quarterly payments of $6,916.00 per quarter beginning with the end of second quarter of 2025 with a final payment in the second quarter of 2028. |
| Class 4 – Equity Security Holders of the Debtor | Impaired | Equity security holder will retain his interest in the Debtor. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or un-liquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

4

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

The oral lease for the business location will be assumed at the current rental rate of $1,600.00/month.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01 Responsibility for Implementation - The plan will be funded by the continued operations of the Debtor and income derived from operations of the Debtor as set forth on the projections attached as ***Exhibit B***. Dusan Cirkovic (Cirkovic) shall remain President of the Debtor and remain responsible for the operations of the Debtor after Plan Confirmation. Should the plan be confirmed under 1191 (a) Circovic shall be responsible for plan payments. Should the plan be confirmed under 1191 (b) payments will be made as described in Section 9.11 of this plan.

7.02 Post Confirmation Ownership-The Debtor will continue to be owned 100% by Eric Bakey after confirmation of the Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is 60 days after the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## IX. RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain such jurisdiction over the Debtor and his Chapter 11 case after the Effective Date as is legally permissible, including jurisdiction to:

9.01 <u>Claims</u> - Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of Claims.

9.02 <u>Professional Fees</u> - Grant or deny any application for a Professional Fee Claim, for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan.

9.03 <u>Assumptions or Rejection of Executory Contracts</u> - Resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which the Debtor are a party or with respect to which either the Debtor may be liable and to hear, determine and, if necessary, liquidate, any Claims arising there from.

9.04 <u>Distributions Under The Plan</u> - Ensure that Distributions to holders of Allowed Claims are accomplished pursuant to the provisions of this Plan.

9.05 <u>Subsequent Proceedings</u> - Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending on the Effective Date, or brought thereafter by the Debtor.

9.06 <u>Plan Implementation</u> - Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan or the Confirmation Order, except as otherwise provided herein and resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of this Plan or any entity's obligations created or incurred in connection with this Plan.

Document    Page 7 of 8

9.07   Pre-Confirmation Modification of Plan - Modify the Plan before or after the Effective Date pursuant to 11 U.S.C. § 1127 or any contract, instrument, release or other agreement or document created in connection with the Plan; or remedy any defect or omission or reconcile any inconsistency in any Court order, the Plan, or the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with this Plan or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code.

9.08   Interference with Implementation of Plan - Issue, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan.

9.09   Post – Confirmation Modification - Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated or if distributions pursuant to this Plan are enjoined or stopped.

9.10   All Matters - Determine any other matters that may arise in connection with or relate to the Plan, the Confirmation Order or any contract, instrument release or other agreement or document created in connection with this Plan and enter any order concluding the Debtor's Chapter 11 reorganization cases.

9.11   Plan Payments Under §1191(a) – Should the Plan be confirmed under §1191(a), the Debtor shall act as the Plan Disbursing Agent and make all payments to holders of allowed claims required by the Confirmation Order and the Plan.

Plan Payments Under §1191(b) - Should the Plan be confirmed under §1191(b), and as provided in 11 U.S.C. § 1194(b), the Debtor shall make all Plan payments, as stated above, without review of the Subchapter V trustee.

## ARTICLE X
## DISCHARGE AND LIEN RETENTION

10.01 Discharge- (I) If the Debtor's plan is confirmed under Section 1191(a) of the Bankruptcy Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in Section 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
    (i) imposed by this Plan; or
    (ii) to the extent provided in 1141(d)(6).

(II) If the Debtor's Plan is confirmed under Section 1191(b) of the Bankruptcy Code, confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in Section 1192 of the Code. The Debtor will not be discharged from any debt:

7

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in Section 1192 of the Bankruptcy Code; or

(ii) excepted from discharge under Section 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

10.02 Lien Retention
(III) Secured creditors will retain their liens until full payment of the secured portion of their claim. All other liens are extinguished upon confirmation of the plan. To the extent creditors are wholly unsecured, the liens shall be extinguished upon confirmation of the plan.

Dated: December 13, 2024

Respectfully submitted
Bamby Express, Inc.

By: Dusan Cirkovic, President
    The Plan Proponent

By. /s/ Richard G. Larsen /s/
   Attorney for the Plan Proponent